VÁZQUEZ, DEMANDANTE Y APELADO, *v.* MAYMÍ, DEMANDADO
Y APELANTE. ·

APELACIÓN procedente de la Corte de Distrito de Humacao
en procedimiento de *injunction.*

No. 2761.—Resuelto en marzo 8, 1923.

*Injunction* PARA RECOBRAR LA POSESIÓN—CAUSA DE ACCIÓN—ALEGACIONES SU-
FICIENTES.—Alega hechos suficientes una demanda de *injunction* para re-
cobrar la posesión, si de sus alegaciones se deduce que el demandado entró
violentamente y contra la voluntad del dueño demandante en la porción de
la finca objeto del despojo, de cuya porción se posesionó habiéndola cercado.
*Injunction* PARA RETENER LA POSESIÓN—CAUSA DE ACCIÓN.—Una demanda de *in-
junction* para recobrar la posesión entablada bajo la teoría del despojo de la
posesión, aun admitiendo que no alegue la pérdida absoluta y permanente de
la posesión material, es suficiente si alega la realización de actos bastantes
demostrativos de la intención del demandado para llevar a cabo el despojo.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. F. González.*
Abogado del apelado: *Sr. F. Gallardo.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

Se ejercita en este caso la acción que autoriza la Ley No.
43 de 1913, tal como quedó enmendada por la Ley No. 11 de
1917. Se alegó en la demanda que el demandante era dueño
de cierta finca rústica que se describe; que a pesar de tener su
dicha finca cercada y de haber puesto en las entradas naturales
de la misma anuncios prohibiendo al público el acceso a ella,
el demandado, violentamente y en contra de la voluntad del
demandante, se posesionó de un pedazo de la finca que se des-
cribe. Todo ello ocurrió dentro del año de interpuesta la de-
manda y se alega en ésta además que "el demandado por sí
mismo y por medio de sus agentes, empleados o subalternos,
desde principios de junio de mil novecientos veinte y uno ha
venido penetrando en el pedazo de terreno descrito en el he-
cho cuarto, y ha comenzado a cercar el mismo. Y alega el de-
mandante que estos actos de despojo y de toma de posesión
han sido realizados por el demandado sin derecho alguno y
contra la voluntad del demandante, quien prácticamente ha

sido despojado de la parte de su propiedad descrita en la alegación cuarta.''

Excepcionó y negó el demandado. Fué el pleito a juicio y la corte lo resolvió en favor del demandante con imposición de las costas al demandado. De la opinión emitida por el juez de distrito para fundar su sentencia se transcriben los dos siguientes párrafos:

''De la prueba practicada se ha demostrado a satisfacción de la corte, que el demandante dentro de un año precedente a la presentación de la demanda, o sea del 30 de junio de 1921, estaba legalmente en la posesión material o tenencia de las 20 cuerdas de terreno que se describen en la referida demanda, las cuales tenía dedicadas a frutos menores y pastos; y que el demandado, a principios del referido mes de junio de 1921 penetró ilegalmente en dicha propiedad, y sin el consentimiento ni la voluntad del demandante, se posesionó de ella, habiendo por sí y por medio de peones colocado en la misma una cerca de alambres.

''Si como alega el demandado en su contestación, las referidas 20 cuerdas de terreno pertenecen a Florence E. Preston, como parte de otra finca de 200 cuerdas, y que las utilizaba Antonio Rotger con el consentimiento de su dueña, puede establecer la acción que corresponda para recobrarlas, pero habiéndose justificado que el demandante ha estado en posesión material de las mismas por un período mayor de un año con anterioridad a la presentación de la demanda y que fué ilegalmente desposeído de ellas, tiene derecho a una sentencia a su favor.''

No conforme el demandado apeló para ante este tribunal. Pendiente la apelación, murió el apelante. Sus herederos comparecieron y expusieron que deseaban continuar tramitando el recurso, a lo que accedió la corte.

En su alegato señalan los apelantes la comisión de dos errores cometidos a su juicio por la corte de distrito, primero, al estimar suficientes las alegaciones de la demanda, y segundo, al estimar suficiente la prueba de la alegada pérdida de posesión del terreno de que se trata.

Argumentando el primer error invocan los apelantes la

ley especial sobre la materia y la jurisprudencia estable-
cida por esta Corte Suprema en los casos de *del Valle* v.
*Rivera,* 23 D. P. R. 632, y *García* v. *Rodríguez,* 27 D. P. R.
305.

La ley de 1913 sólo autorizaba la concesión de un *injunc-
tion* para recobrar la posesión material de una finca cuando
la parte había sido privada de dicha posesión material por
los actos violentos o fraudulentos de otra persona. La deci-
ción en el caso de *del Valle, supra,* se dictó estando en todo
su vigor esa ley. En 1917 la legislatura enmendó la ley de
1913 extendiendo la concesión de los *injunctions.* Desde en-
tonces no sólo pudieron expedirse para recobrar la posesión,
si que también para retenerla, y cuando se demostrase la rea-
lización de "actos que manifiesten la intención de inquietarle
o despojarle." Se refiere la ley al poseedor.

Puede aceptarse, como sostienen los apelantes, que en
este caso se planteó el debate bajo la base del despojo de
la posesión, pero no estamos conformes en que se dejaran de
alegar hechos suficientes en la demanda. Dejamos transcri-
tas las alegaciones necesarias de la demanda. De ellas se
deduce que el demandado no sólo entró violentamente y con-
tra la voluntad del demandante en el pedazo de la finca que
se menciona, si que también se posesionó de él. Y luego se
describen los actos constitutivos del despojo y de la toma de
posesión, siendo muy importante, entre ellos, el de la cons-
trucción de la cerca. Los hechos, pues, son distintos a los
que sirvieron de base a la jurisprudencia establecida por
esta corte en el otro de los casos citados, *García* v. *Rodrí-
guez, supra.* De todos modos, aunque se concluyera que no
se alegaba la pérdida absoluta y permanente de la posesión
material, siempre habría que concluir que se alegaba la rea-
lización de actos bastantes demostrativos de la intención del
demandado para realizar dicho despojo, y la causa de ac-
ción surgiría clara de acuerdo con la ley.

La conclusión a que hemos llegado resulta más clara aún al examinar el segundo de los errores señalados. Si algo faltaba a la demanda, lo completó la contestación. En ella hay una alegación que dice:

"Quinto: Del hecho quinto acepta que ha penetrado en la finca de 20 cuerdas para cercarla por orden de su mandante Florence E. Preston dueña de la finca y niega los demás extremos de dicho hecho."

La prueba testifical practicada fué larga y contradictoria en ciertos extremos. No creemos que la corte, al apreciarla en el sentido indicado, cometiera error fundamental alguno. Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, **Aldrey** y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.