FRANCISCO CARRILLO NORAT y TEODORO LÓPEZ MALDONADO, demandantes y recurrentes, *v.* EDUARDO CAMEJO y MARÍA ELENA CAMEJO; JOSÉ V. LLAUGER BOSCH, REGISTRADOR DE LA PROPIEDAD DE PUERTO RICO, SECCIÓN DE PONCE, demandados y recurridos.

Número: R-77-398          Resuelto: 24 de abril de 1978

---

*Antonio Zapater Cajigas,* abogado de los recurrentes; *Miguel Ramón Aguiló,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

A los fines de desarrollar el Reparto Buena Vista en el Municipio de Ponce el dueño de una finca de treinta cuerdas la dividió en ciento cincuenta y seis solares mediante la aprobación de la Junta de Planificación, sobre cuyos solares impuso "determinadas condiciones restrictivas y limitaciones exigidas por la Autoridad Federal de Hogares para que dichos solares sean elegibles y cualifiquen para préstamos hipotecarios garantizados o asegurados por dicha agencia federal." Básicamente las condiciones restrictivas limitan el uso de los solares para fines residenciales.

La escritura pública en que se imponen las condiciones restrictivas dispuso que los compradores de los solares afectados, así como sus sucesores, causahabientes o cesionarios, quedan obligados al cumplimiento de dichas condiciones, restricciones y limitaciones, las que "se imponen como gravamen sobre todos y cada uno de dichos solares y cada venta o transmisión de derechos en relación con los mismos quedará asimismo sujeta." Las referidas condiciones fueron debidamente inscritas en el Registro de la Propiedad.

La duración de dichas condiciones, que es objeto de controversia en este pleito, quedó establecida por la siguiente cláusula:

"(H-1) TERMINOS: Estos convenios forman parte del terreno y serán obligatorios para todas las partes y personas que reclamen derecho sobre los mismos por un período de veinticinco (25) años antes [*sic*] de la fecha en que estos convenios hayan sido inscritos después de cuya fecha dichos convenios quedarán prorrogados automáticamente por períodos sucesivos de diez (10) años, a menos que un documento firmado por la mayoría de los entonces dueños de los solares haya sido inscrito, acordando cambiar total o parcialmente dichos convenios."

En previsión de que las referidas condiciones restrictivas fueran incumplidas se proveyó el remedio para ello en la siguiente cláusula de la escritura:

"(H-2) CUMPLIMIENTO FORZOSO: Este cumplimiento forzoso se hará mediante procedimiento en ley o en equidad contra cualquier persona o personas que violen o traten de violar cualquier convenio ya sea para impedir su violación o recobrar daños y perjuicios."

Los demandantes, quienes son dueños respectivos de sendos solares en el Reparto Buena Vista, instaron una demanda de *injunction* contra los esposos Camejo, quienes también son dueños de un solar en dicho Reparto, solicitando que se prohibiese a los esposos Camejo dedicar su propiedad para fines comerciales, por estar éstos estableciendo allí un local para tratamientos de belleza y para la venta de cosméticos y artículos relacionados, lo cual resulta contrario a las condiciones restrictivas impuestas sobre el solar de éstos.

Los demandados esposos Camejo plantearon entre otras defensas que conforme lo dispone la cláusula H-1 de la escritura impositiva de restricciones precedentemente citada los dueños de una mayoría de los solares que comprenden el Reparto Buena Vista autorizaron, mediante escritura pública, la liberación del solar de los esposos demandados de las condiciones restrictivas y limitaciones impuestas originalmente por virtud de la ya antes mencionada escritura pública Núm. 54 de 1956, cuya liberación fue objeto de nota marginal en el Registro de la Propiedad.

Los demandantes incluyeron como demandado al Registrador de la Propiedad y solicitaron que se ordenase a éste cancelar la nota marginal anotada por virtud de la cual se liberaba el solar de los esposos demandados de las restricciones sobre el uso del solar y la edificación allí ubicada, por razón de que tal anotación es nula. El Registrador planteó como defensa la falta de jurisdicción del tribunal de instan-

cia sobre su persona invocando las disposiciones del Art. 116 del Reglamento Hipotecario. (¹) 30 L.P.R.A. sec. 996.

A solicitud de los esposos demandados el tribunal de instancia dictó sentencia sumaria desestimando la demanda e imponiendo a los demandantes el pago de costas y $500.00 de honorarios.

Los demandantes recurren ante nos y esencialmente señalan que el tribunal de instancia cometió error al interpretar las cláusulas H-1 y H-2 de la mencionada escritura en el sentido de que las condiciones restrictivas impuestas sobre los solares del Reparto Buena Vista, que son objeto de este pleito, pueden ser modificadas por una mayoría de los titulares, aun antes del transcurso del período de veinticinco (25) años indicado en la escritura. Señalan además que el tribunal erró al condenarle al pago de honorarios de abogado sin haber mediado temeridad.

Las restricciones inscritas en el Registro de la Propiedad que limitan el uso al que pueden dedicarse unos solares y las edificaciones que en ellos se construyan son servidumbres en equidad que constituyen derechos reales. *Castro Lund* v. *Registrador*, 102 D.P.R. 295, 312 (1974); *Baldrich* v. *Registrador*, 77 D.P.R. 739, 744-745 (1954). Por lo tanto no pueden ser canceladas en el Registro en virtud de una mera petición *ex parte*. *Castro Lund* v. *Registrador*, supra, pág. 311; *Colón* v. *San Patricio Corporation*, 81 D.P.R. 242, 259 (1959). Pueden, sin embargo, ser modificadas o canceladas

---

(¹) El cual dispone:

"Independientemente de la reclamación gubernativa expresada en la sección anterior, los interesados podrán acudir a los tribunales para ventilar y contender entre sí acerca de la validez y consiguiente inscripción de las escrituras, así como de la nulidad o validez de la obligación en ellas contenidas.

"En el juicio que con estos objetos se siga entre los interesados no será parte el registrador, contra quien no procederá reclamación judicial, con arreglo a las disposiciones de la ley, sino en el caso de que se entable contra él personalmente formal demanda para exigirle la responsabilidad civil o criminal a que por sus actos haya podido dar lugar."

conforme los términos de la escritura que las establece. En el caso de autos los solares del Reparto Buena Vista quedan los unos respecto de los otros sujetos a las restricciones impuestas y a la vez beneficiados por las mismas. Esto es, son predios sirvientes y dominantes recíprocamente. En *Colón* v. *San Patricio Corporation*, supra, pág. 255, citando de *Lawton* v. *Rodríguez Rivera*, 35 D.P.R. 487, 494 (1926), dijimos que tales cláusulas restrictivas tienen fuerza legal "siempre que sean razonables, obedezcan a un plan general de mejoras, consten específicamente en el título y se inscriban en el registro de la propiedad." Estas condiciones han sido factor esencial en las consideraciones que tanto el vendedor como el adquirente han sopesado para hacer la decisión de efectuar la transacción y han influido en el precio pagado. *Sands* v. *Ext. Sagrado Corazón, Inc.*, 103 D.P.R. 826, 832 (1975).

En *Sands*, pág. 827, expresamos que "las condiciones restrictivas en urbanizaciones residenciales tienen el propósito de preservar la belleza, la comodidad y la seguridad del reparto residencial según éste es concebido por sus arquitectos y constructores." Mas en el caso de autos tienen una razón de ser adicional: haber sido exigidas por la Autoridad Federal de Hogares para que los solares fuesen elegibles y cualificasen para préstamos hipotecarios garantizados por dicha agencia federal. Tal estipulación a favor de terceros es la que reconoce el Art. 1209 del Código Civil, 31 L.P.R.A. sec. 3374, *in fine*:

"Si el contrato contuviere alguna estipulación en favor de un tercero, éste podrá exigir su cumplimiento, siempre que hubiese hecho saber su aceptación al obligado antes de que haya sido aquélla revocada."

■ Debe considerarse pues que existiendo una cláusula a favor de un tercero, quien presumiblemente puede haber otorgado préstamos hipotecarios descansando en la vigencia y obligatoriedad de esas condiciones, y no siendo el tercero

parte en la acción no puede el tribunal de instancia afectar los derechos que la parte ausente pueda tener.

El tribunal de instancia cometió error al sostener que las condiciones restrictivas impuestas a los solares del Reparto Buena Vista pueden ser modificadas o eliminadas por convenio de la mayoría de los interesados conforme lo dispone la propia escritura. Sostiene el tribunal de instancia que no encuentra que dicha escritura imponga a los propietarios un período limitativo de veinticinco (25) años para efectuar modificaciones o eliminaciones de las aludidas restricciones, y que la prórroga de dicho término solamente tendrá vigencia si las condiciones restrictivas no hubiesen sido eliminadas dentro del período de vigencia original.

Tal interpretación es contraria a las claras disposiciones de la cláusula H-1 y haría inoperante el contenido de la referida disposición. No creemos que merezca discusión el evidente error de exigir la obligatoriedad de las condiciones "por un período de veinticinco (25) años 'antes' de la fecha en que estos convenios hayan sido inscritos." El no interpretar que la palabra "antes" quiere decir "después" nos llevaría al absurdo. Al igual que en la interpretación de un estatuto, los varios términos de un contrato deben leerse conjuntamente y armonizarse con el fin de determinar la verdadera intención de las partes. *Ulpiano Casal, Inc.* v. *Totty Mfg. Corp.*, 90 D.P.R. 739, 744 (1964); *Caballero* v. *Kogan*, 73 D.P.R. 666, 674 (1952). Adoptar una interpretación literal de la cláusula sería derrotar los propósitos que se perseguían al incluirla en la escritura.

La intención que revela la cláusula H-1 sobre la duración de los convenios, incluyendo naturalmente, las condiciones restrictivas sobre uso residencial, es que habrán de ser indefinidas, ya que dispone que se prorrogarán automáticamente por períodos sucesivos de diez años, a menos que la mayoría

de los dueños de los solares haya inscrito un documento en el que acuerden cambiar total o parcialmente dichos convenios. Esto es, tendrán una duración original de veinticinco años durante cuyo término no pueden ser objeto de cambios. Antes del vencimiento del período original podrá la mayoría acordar los cambios que desee, los cuales serán efectivos al terminar dicho período original, e inscribirlos en el Registro, en cuyo caso no tendrá vigencia la prórroga. De no hacer cambio alguno en la forma y manera indicada, se prorrogarán automáticamente por diez años adicionales. No habiendo transcurrido el período original de veinticinco años no podrán ser efectivos los cambios acordados por la mayoría de los dueños hasta tanto venza el referido período.

▪ Es requisito ineludible para dictar sentencia sumaria a favor de una parte no solamente el que no haya una controversia real en cuanto a algún hecho material, sino, además, que como cuestión de derecho, proceda se dicte a su favor. Regla 36.3 de las de Procedimiento Civil de 1958; *Del Toro* v. *Gob. de la Capital*, 93 D.P.R. 481, 484 (1966).

*Se expedirá el auto para revocar la sentencia sumaria dictada excepto en tanto en cuanto desestima la acción contra el Registrador de la Propiedad, por impedirlo las disposiciones citadas precedentemente contenidas en el Art. 116 del Reglamento Hipotecario, y se dictará sentencia sumaria ordenando a los demandados, sus sucesores o causahabientes, que se abstengan de utilizar el solar de su propiedad para fines comerciales por prohibirlo afirmativamente las cláusulas H-1 y H-2 de la escritura pública número 54 otorgada en 31 de mayo de 1956 ante el Notario Público Francisco Parra Toro.*

Los Jueces Asociados Señores Rigau, Irizarry Yunqué y Negrón García no intervinieron.