# 95 DTA 120

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
## PANEL I

AMADOR DE JESUS CARRILLO EX-REL PEDRO SOTO RIOS, EN SU CARACTER DE ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO
Demandantes-Recurridos

v.

THE ROBERT GAS CILINDER RE-MANUFACTURERS, INC., ET ALS.
Demandados-Recurridos

&

INSURANCE COMPANY OF NORTH AMERICA
Demandada-Peticionaria

Núm. KLCE-95-00231

San Juan, Puerto Rico, a 12 de junio de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
los Jueces señora Pesante Martínez y señor Rivera Pérez

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La peticionaria Insurance Company of North America, acude ante este Tribunal para que revisemos una resolución emitida el 25 de agosto de 1994 por el entonces Tribunal Superior, Sala de Humacao, declarando no ha lugar a una solicitud de sentencia sumaria presentada por la parte peticionaria. Por los fundamentos que más adelante se detallan, expedimos el auto de *certiorari*, revocamos la resolución aludida y dictamos sentencia desestimando la demanda contra la peticionaria.

### I

El Administrador del Fondo del Seguro del Estado, en su capacidad conferida por ley, entabla demanda en daños y perjuicios en subrogación del obrero lesionado Amador de Jesús Carrillo. No hay controversia con relación a los hechos que dan origen a la demanda. La peticionaria aceptó la versión de los hechos dada por la parte demandante. Se aceptó que en marzo de 1984, el co-demandante de Jesús Carrillo, era empleado de la planta de gas Enrique Acosta, Inc. Que el demandante mientras llenaba unos cilindros de gas en la planta de gas sufrió lesiones físicas cuando explotó el cilindro y se desprendió la base. Que el accidente se debió a la negligencia de la co-demandada, The Robert Gas Cilinder Re-Manufacturers (en adelante Robert Gas) toda vez que a ésta se le había encomendado previamente la reparación del referido cilindro y la realizó de forma deficiente.

En la demanda se incluyó a la peticionaria como codemandada y se alegó que era solidariamente responsable de los daños reclamados porque al momento de la ocurrencia del accidente tenía en vigor una póliza de responsabilidad pública a favor del co-demandado Robert Gas. La peticionaria presentó una moción de sentencia sumaria y alegó que no existía controversia genuina sobre ningún hecho material y que lo único a resolver era una controversia de derecho; si la póliza suscrita por la peticionaria cubría el accidente sufrido por de Jesús Carrillo o si era de aplicación la cláusula de exclusión (p) que dispone lo siguiente:

*"Coverage Part*

*Exclusions*

*This insurance does not apply:*

*(p) to bodily injury or property damage included within the completed operations hazard*

*or the products hazard."*

Por su parte el demandante alegó que la cláusula de exclusión no aplicaba porque la reparación del cilindro hecha por el asegurado Robert Gas había sido negligente y, por consiguiente, no podía considerarse que había sido completada.

El foro de instancia declaró no ha lugar a la solicitud de sentencia sumaria por entender que existían controversias sobre hechos esenciales.

En su resolución el Tribunal determinó que: *"No se nos ha demostrado...que tipo de trabajo realizaba la compañía demandada para Enrique Acosta, patrono del demandante; ni si la obligación se limitaba a prestar servicios de mantenimiento y reparación o por el contrario Robert le vendía los cilindros de gas. En caso de que el co-demandado sólo realizara labores de servicio, también está en controversia si había completado el trabajo al momento en que ocurrió el accidente, o si por el contrario tenía una obligación continua de dar mantenimiento a los cilindros de Enrique Acosta, Inc.".* No conforme con tal determinación la co-demandada peticionaria acude ante nos.

## II

El Código de Seguros de Puerto Rico define el contrato de seguro como: *"[E]l contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo."* 26 L.P.R.A., sec 102. Este contrato se interpretará de acuerdo a la totalidad de los términos y condiciones contenidos en la póliza. 26 L.P.R.A. sec. 1125; *Meléndez Piñeiro v. Levitt & Sons of P. R . Inc.,* **91 J.T.S.** *95,* opinión del 13 de diciembre de 1991. Estos términos y condiciones deben interpretarse dentro de su sentido más común y usual. *Morales Garay v. Roldán Coss,* 110 D.P.R. 701 (1974). De surgir alguna ambiguedad éstos se deberán de interpretar, por ser un contrato de adhesión, de manera liberal a favor del asegurado, de lo contrario, se observará el sentido literal de las cláusulas. *Torres v. E L A.,* **92 J.T.S. 68,** opinión del 8 de junio de 1992. *Marina Ind., Inc. v. Brown Boveri Corp.,* 114 D.P.R. 63 (1983).

Las pólizas estándar de responsabilidad pública, en la actualidad, definen claramente la cláusula de exclusión *"completed operations hazard".* Esta establece que una operación se considera completada cuando el trabajo contratado se ha terminado, no importa que hayan detalles menores pendientes de realizarse. 12 *Couch on Insurance* 2d sec 44A:24. Para determinar si una operación se ha completado al momento de un accidente se considerará:

*"(1) El uso destinado del objeto en cuestión. Couch, supra, sec 44A:25.*

*(2) Si el objeto reparado se le puede dar el uso destinado a no ser por defectos que requieran corrección, Savannah Laundry Mac. Co. v. Home Ins. Co., 376 S.E. 2d (1988).*

*(3) Si el asegurado ha cedido la posesión del producto que causa el accidente el cual ocurre fuera de los predios de su propiedad o del local alquilado. Couch, supra, sec 44A:24."*

El hecho de que haya mediado negligencia en la forma en que se realizó el trabajo nada tiene que ver con el hecho de si éste fue completado o no. *Aetna Cas. and Sur. Co. v. Richmond,* 76 Cal App. 3d 645 (1977).

## III

La sentencia sumaria está regulada por la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. El propósito de la misma es obtener un remedio rápido y eficaz, por vía de una sentencia, a la controversia que se encuentra ante el Tribunal. *Tello Rivera v. Eastern*

*Airlines,* 119 D.P.R. 1 (1987). La misma procede Cuando de la documentación sometida ante el Tribunal se puede acreditar que no existe una controversia genuina en cuanto a ningún hecho material en el litigio y como cuestión de derecho se debe de dictar a favor de la parte promovente. *Consejo de Titulares del Condominio Parkside v. M.G.I.C. Financial Corp.,* **91 J.T.S. 54**, opinión del 13 de junio de 1991; *Carrillo Norat v. Canejo,* 107 D.P.R. 132 (1978).

## IV

En el presente caso, el Tribunal de Instancia erró al apreciar que existía controversia sobre hechos esenciales. El tribunal indicó que no dictaba la sentencia sumaria porque *"de los autos no surge cuál era la relación contractual entre Robert y Enrique Acosta Inc.".* Esta objeción es inmaterial dado el hecho que de eso no depende la aplicabilidad de la cláusula de exclusión de responsabilidad contenida en la póliza suscrita por la peticionaria. La controversia real es la aplicabilidad o no de dicha cláusula por considerarse que el trabajo realizado por el asegurado se había completado. Al analizar la jurisprudencia interpretativa de la cláusula de exclusión *"completed operations hazard"* y a la luz de los hechos no controvertidos en el caso de autos, somos de opinión de que no existe cubierta para los daños reclamados por el recurrido producto del accidente con el cilindro de gas puesto que la operación de arreglar el cilindro había sido completada. Para ello tomamos en consideración que:

*"(1) La reparación del cilindro de gas que causó la explosión le fue encomendada a Robert Gas.*

*(2) Al ocurrir el accidente el cilindro se encontraba en posesión del patrono del demandante. Véase moción en oposición a la sentencia sumaria.*

*(3) La explosión ocurrió en los predios del patrono del demandante.*

*(4) El cilindro de gas se estaba utilizando conforme al uso destinado (llenándose de gas al momento de la explosión)"*

La determinación que este Tribunal adopta en el día de hoy no debe interpretarse como que exime de responsabilidad a Robert Gas. Esta determinación la deberá hacer el Tribunal de Instancia a la luz de la prueba que se pueda presentar. Finalmente, el Tribunal de Instancia señala en su resolución que la cláusula de *"completed operations hazard"* es una de carácter general que no define de forma específica cuándo habrá de aplicarse la excepción. No le asiste la razón. En 1966 se revisaron las pólizas de responsabilidad civil para liberarlas de la ambiguedad, la cual ocasionaba que la aplicación de las cláusulas de exclusión dependiera de la interpretación, que caso a caso hacían los tribunales. Véase a manera ilustrativa *Travelers Ins. Co., v. Ty Co. Services. Inc.,* 399 S.E. 2d. 562(1990).

En virtud de lo expuesto anteriormente concluimos que no existe controversia genuina de hechos esenciales puesto que el lenguaje de la póliza clara y expresamente excluye el riesgo de *"completed operations".* Procedemos a expedir el auto de *certiorari* y a revocar la resolución recurrida del Tribunal de Instancia y en su consecuencia emitimos sentencia sumaria parcial desestimando la demanda contra la demandada-peticionaria Insurance Company of North America.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General