Opinión disidente emitida por la
Jueza Asociada Señora Fiol Matta.
La peticionaria, Asociación de Vecinos de Villa Caparra Sur, Inc., presentó una demanda de injunction preliminar y permanente en el Tribunal de Primera Instancia para hacer valer las servidumbres en equidad de su urbanización. A ese fin solicitó la paralización y demolición de la construcción de los recurridos, Asociación de Fomento Educativo, Inc. El tribunal de instancia emitió el injunction preliminar ordenando la paralización de la construc-ción de los recurridos, aplicando la Regla 56 de Procedi-miento Civil, 32 L.P.R.A. Ap. III, y eximiendo a la peticionaria de prestar fianza. Posteriormente, el Tribunal de Apelaciones revocó al foro de instancia. Concluyó que éste había errado al no celebrar una vista evidenciaría so-bre la procedencia del injunction preliminar.
*577 I
La Regia 56 antes citada dispone que antes o después de la sentencia y por moción del reclamante, un tribunal puede dictar una “orden para hacer o desistir de hacer cua-lesquiera actos específicos” que asegure la efectividad de la sentencia.(1) Según el Comité Consultivo de Reglas de En-juiciamiento Civil de 1954, la Regla 56 se creó con el pro-pósito de incorporar el remedio de injunction al procedi-miento civil ordinario para que se pudiera expedir como una orden provisional de aseguramiento de sentencia sin que fuera necesario demostrar que no existe un remedio adecuado en ley.
El texto propuesto representa una fusión del injunction como medida provisional autorizada por las secciones 2 y 3 del art. 677 del Código de Enjuiciamiento Civil y la Regla (d) del art. 2 de la Ley Para Asegurar la Efectividad de las Sentencias. Borrador del Proyecto de Reglas de Enjuicia-miento Civil, Tribunal Supremo, 1954, pág. 146. Véase, ade-más, D. Rivé Rivera, Recursos Extraordinarios, 2da ed., San Juan, Programa de Educación Continua de la Facultad de De-recho U.I.P.R., 1996, pág. 13.(2)
Por esto, la Regla 56 establece criterios flexibles para emitir una orden de hacer o desistir y, además, contiene excepciones a la imposición de fianza.
*578 La Regia 57 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, proviene de la jurisdicción federal y exige que el peticiona-rio de un injunction establezca la ausencia de un remedio adecuado en ley.(3) Hemos resuelto que para que se pueda emitir un injunction preliminar al amparo de esta regla es necesario establecer:
1. La naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el injunction;
2. su irreparabilidad o la existencia de un remedio adecuado en ley;
3. la probabilidad de que la parte promovente prevalezca en los méritos;
4. la probabilidad de que la causa se torne académica; y
5. el posible impacto sobre el interés público. Véase P.R. Telephone Co. v. Tribunal Superior, 103 D.P.R. 200, 202 (1975). Véanse, además: Mun. de Loíza v. Sucns. Suárez et al., 154 D.P.R. 333, 367 (2001); Mun. de Ponce v. Gobernador, 136 D.P.R. 776, 784 (1994).
En particular, el requisito de daño irreparable consti-tuye un aspecto de la regla básica de que el injunction sólo procede si no existe un remedio adecuado en ley. Cruz v. Ortiz, 74 D.P.R. 321, 328 (1953). Véase, además, Rivé Rivera, op. cit., pág. 31.
Debido a que ambas reglas proveen mecanismos distin-tos para obtener el mismo remedio de injunction pendente lite, existe un conflicto respecto a su aplicación que aún no hemos resuelto. Al respecto, Rivé Rivera aclara:
Se produce una curiosa situación: al que solicita un injunction, y así lo denomina, le aplicaría la reglamentación estricta de la Regla 57, regla que siempre exige fianza y cuyas órdenes ex parte tienen una vigencia máxima de veinte días. Por otro lado, si se pide igual remedio bajo el nombre de una “orden provisional de no hacer” a tenor con la Regla 56, con toda seguridad podrá acogerse a los requisitos más flexibles de esta *579 última regla que permite emitir [e]stas órdenes sin fianza y sin límites de tiempo. Tal parece como si la ley a ser aplicada dependiese del título que lleve la petición. (Enfasis suplido.) Rivé Rivera, op. cit., pág. 15.
En el caso que nos ocupa debemos tener presente una consideración adicional y es que existe una norma especial respecto a las servidumbres en equidad pertinente a dicho conflicto. Hace más de un siglo resolvimos que los dueños de predios sujetos a servidumbres en equidad tienen dispo-nible el remedio de injunction para hacer efectivos sus de-rechos, norma que hemos reiterado en numerosas ocasiones. Asoc. V. Villa Caparra v. Iglesia Católica, 117 D.P.R. 346, 353-354 (1986); Glines et al. v. Matta et al., 19 D.P.R. 409 (1903). Además, hemos establecido que cuando se solicita el injunction para hacer valer una servidumbre en equidad no es necesario probar daño irreparable o au-sencia de remedio adecuado en ley:
Cuando se solicita remedio en equidad, la prueba de daños reales o perjuicios sustanciales no es esencial, siendo necesa-rio solamente demostrar una violación de la restricción para que el demandante tenga derecho al remedio solicitado. Santaella v. Purón, 60 D.P.R. 552, 559 (1942). Véanse, además: Pérez v. Pagán, 79 D.P.R. 195, 199-200 (1956); Colón v. San Patricio Corporation, 81 D.P.R. 242, 253-256 (1959).(4)
Esta norma es cónsona con el propósito de la Regla 56, por lo cual es razonable aplicar dicha regla cuando se emita un injunction preliminar para hacer valer una ser-vidumbre en equidad.
Al amparo de la Regla 56.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, se podrá conceder un remedio provisional sin la prestación de fianza cuando “apareciere de documen-tos públicos o privados, según definidos por ley, *580 firmados ante una persona autorizada para administrar juramento, que la obligación es exigible”. En lo que a este caso se refiere, sabemos que una vez las servidumbres en equidad son inscritas en el Registro de la Propiedad, éstas constituyen derechos reales oponibles a terceros y, por lo tanto, exigibles, que limitan el uso al que puedan dedicarse y las edificaciones que puedan construirse en los predios sirvientes. Asoc. V. Villa Caparra v. Iglesia Católica, supra, págs. 351-353. Véase, además, Carrillo Norat v. Camejo, 107 D.P.R. 132, 136-137 (1978).(5)
Finalmente, la Regla 56.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que no se concederá un remedio provisional sin notificar a la parte adversa y sin celebrar una vista, salvo las situaciones excepcionales establecidas en las Reglas 56.4 y 56.5 (32 L.P.R.A. Ap. III).
III
En el caso ante nuestra consideración, la peticionaria solicitó un injunction preliminar para asegurar la senten-cia que en su día pueda emitirse si finalmente se establece en los méritos del caso que los recurridos violaron las ser-vidumbres en equidad de su urbanización. Según expusi-mos antes, al no requerirse en estos casos prueba de daño irreparable ni ausencia de un remedio adecuado en ley, nada impide que se aplique la Regla 56 de Procedimiento Civil, supra. De acuerdo con los criterios establecidos en esa disposición, que son más flexibles que los establecidos por la Regla 57, procede conceder lo solicitado.(6)
*581 Además, el foro de instancia no erró al eximir a la peti-cionaria de prestar fianza, ya que ésta estableció mediante una escritura pública y unas certificaciones regístrales que las servidumbres en equidad son exigibles. A su vez, el tribunal de instancia no abusó de su discreción al no celebrar una vista evidenciaría antes de emitir el injunction preli-minar, pues las partes tuvieron oportunidad suficiente de someter sus argumentos y alegatos por escrito, se celebró una vista ocular y el tribunal tuvo suficiente prueba para conceder el remedio provisional.
Por los fundamentos antes expuestos, disiento de la sen-tencia emitida por este Tribunal, que confirma la decisión del Tribunal de Apelaciones.

 La Regla 56.1 (32 L.P.R.A. Ap. III) dispone:
“En todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cuales-quiera actos específicos, o podrá ordenar cualquier otra medida que estime apro-piada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial.” (Énfasis suplido.)

 Al respecto Rivé Rivera explica:
“El propósito expreso de la reforma fue el de integrar el injunction dentro del procedimiento ordinario para evitar que se denegara su expedición, exclusivamente, por no haber demostrado el peticionario que carecía de lo que la equidad consideraba que era un ‘remedio adecuado en ley’.” D. Rivé Rivera, Recursos Extraordinarios, 2da ed., San Juan, Programa de Educación Continua de la Facultad de Derecho U.I.P.R., 1996, pág. 13.

 Al respecto, Rivé Rivera expresa:
“Aunque se mantuvo íntegra la Regla 56 sobre remedios provisionales, conforme a la intención del Comité, se añadió una regla sobre injunction tomada literalmente de la federal.” Rivé Rivera, op. cit., pág. 14.

 Al respecto, Rivé Rivera nos explica:
“Tampoco es necesario alegar, ni probar, la ausencia de un recurso adecuado en ley cuando se intenta poner en vigor derechos sustantivos que surgieron del derecho de equidad como las llamadas ‘servidumbres de equidad’ o el cumplimiento de las obligaciones al amparo de un ‘trust’ o fideicomiso.” Rivé Rivera, op. cit., pág. 20.

 El Artículo 481 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1673, dispone que “[e]l dueño del predio sirviente no podrá menoscabar de modo alguno el uso de la servidumbre constituida”.

 Sobre la flexibilidad de la Regla 56, en el caso F.D. Rich Co. v. Tribunal Superior, 99 D.P.R. 158, 176 (1970), expresamos lo siguiente:
“La Regla 56 de Procedimiento Civil confiere al tribunal suficiente flexibilidad para dictar las medidas que estime necesarias o convenientes, según las circunstan-cias del caso, para asegurar la efectividad de las sentencias. Su única limitación es que la medida sea razonable y adecuada al propósito esencial de la misma, que es garantizar la efectividad de la sentencia que en su día podría dictarse.”