MANUEL DISDIER PACHECO, demandante y recurrente, *v.* JOSÉ M. GARCÍA, demandado y recurrido.

*Número:* R-69-3      *Resuelto:* 12 de junio de 1973

*Orlando A. Disdier,* abogado del recurrente.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El recurrente radicó demanda contra el recurrido en mayo de 1961, en solicitud de un *injunction* para recobrar la posesión de un predio de terreno de 820 metros cuadrados. Alegó que dentro del año precedente a la presentación de la demanda estaba en la posesión real del inmueble y que fue perturbado en dicha posesión por el demandado-recurrido, quien destruyó una cerca que separaba el predio en cuestión de otro del demandado y destruyó además un rancho en que el demandante-recurrente tenía almacenados algunos muebles. Por razones que no surgen de los autos ante nos, no se radicó contestación hasta el 31 de enero de 1962—diez meses después —en que se negaron las alegaciones de la demanda.

El caso fue señalado para juicio en numerosas ocasiones y suspendido en otras tantas por mociones de las partes y

renuncias de abogados. No fue hasta el 10 de septiembre de 1968, más de siete años después de presentada la demanda, que el pleito fue a juicio. El 8 de noviembre de 1968 se produjo sentencia que declaró sin lugar la demanda. Se solicitó su reconsideración, accediendo a ello el tribunal a quo únicamente en cuanto a su pronunciamiento sobre imposición de honorarios de abogado.

Oportunamente se radicó solicitud de revisión ante nos. Decidimos revisar. Se expidió y se diligenció el correspondiente mandamiento de revisión en febrero de 1969. Por razones que tampoco surgen de los autos no se elevaron los autos originales hasta mayo de 1972, y fue luego de ordenar nosotros la desestimación del recurso por abandono que, previa moción del abogado del recurrente para dejar sin efecto nuestra resolución desestimatoria, a que accedimos, se radicó por dicho abogado su memorando de autoridades en apoyo del recurso. En cuanto al recurrido, no ha comparecido en los autos ante nos para oponerse al recurso. No hemos tenido el beneficio de conocer sus fundamentos de oposición, si algunos.

■ Hemos hecho esta relación de fechas porque de inmediato salta a la vista el poco interés y la falta de diligencia de los agobados de ambas partes en la tramitación de este caso. Es inconcebible que una acción tan sencilla como lo es un interdicto posesorio se haya tomado tanto tiempo en dilucidarse y resolverse. Tenemos que consignar la más enérgica censura de la desconsiderada actitud de los abogados, no sólo en cuanto a su deber de velar por los derechos de sus respectivos representados, sino también en cuanto a su obligación de velar porque el trámite judicial sea tan rápido como lo debe ameritar su eficacia, para lograr la realización de la justicia. Véase *Ríos Mora* v. *Tribunal Superior*, 95 D.P.R. 117, 124 (1967).

En búsqueda de razones que expliquen la irrazonable dilación habida en la tramitación del caso, hemos considerado oportuno analizar la naturaleza procesal de la acción ejerci-

tada. Aunque no se justificaría la dilación habida aun si se tratase de una acción ordinaria, es posible que así se considerase y por ello no se diera cumplimiento por el tribunal a quo a los preceptos del Código de Enjuiciamiento Civil vigentes sobre el particular.

La Ley Núm. 43 de 13 de marzo de 1913 "proveyendo procedimientos para recobrar la posesión de propiedad inmueble" fue incorporada al Código de Enjuiciamiento Civil (1933) en sus Arts. 690 a 697, 32 L.P.R.A. secs. 3561 a 3566. La referida ley instituyó un remedio de naturaleza sumaria para proteger al poseedor de un inmueble, aun contra el propio dueño, *Navedo* v. *Amato*, 70 D.P.R. 673 (1949), cuando se pretendiere despojar al poseedor de su posesión (interdicto para retener), o se hubiere desposeído a éste (interdicto para recobrar), siempre que el demandante, "dentro del año precedente de la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla." Art. 691(1), 32 L.P.R.A. sec. 3562.

El carácter sumario de la acción quedó consagrado por los Arts. 692, 693 y 694, 32 L.P.R.A. secs. 3563, 3564 y 3565, respectivamente, que leen como sigue:

"§ 3563. Fecha de la vista; emplazamiento

La corte fijará fecha para el juicio en dicha demanda, el cual tendrá lugar dentro de los quince días subsiguientes, debiéndose emplazar al demandado ocho días antes, cuando menos, al fijado para el juicio.—Código Enj. Civil, 1933, art. 692.

§ 3564. Mociones

Toda moción o excepción deberá presentarse y verse en el acto del juicio.—Código En. Civil, 1933, art. 693.

§ 3565. Sentencia; costas

La corte dictará sentencia sin demora indebida. Se impondrán las costas a la parte contra la cual se dictare sentencia.—Código Enj. Civil, 1933, art. 694."

Pero he aquí que en 1943 se incorporaron a nuestro sistema procesal civil gran parte de las Reglas Federales de Enjuiciamiento Civil, bajo la rúbrica de "Reglas de Enjuiciamiento Civil." La número 81 disponía, en su inciso (a): "Estas reglas serán aplicables a todas las acciones civiles ordinarias y a todos los casos de *mandamus, injunction,* interdictos para retener o recobrar la posesión, tercerías, reclamaciones del derecho de hogar seguro." El alcance de dicha disposición fue despojar a los interdictos posesorios de su carácter sumario. *Sucn. Figueroa* v. *Hernández,* 72 D.P.R. 508 (1951); *González* v. *Vélez,* 68 D.P.R. 904 (1948) y *Rivera* v. *Cancel,* 68 D.P.R. 365 (1948). Ello significó sin duda un paso atrás en cuanto respecta a la tramitación rápida de la acción, tan sencilla como es, reñido sin duda con la pauta de hermenéutica consignada en la número uno de dichas Reglas, al efecto de que: "Se interpretarán en forma tal que garanticen una solución justa, *rápida* y *económica* de toda acción." (Énfasis nuestro.)

■ Las citadas Reglas de Enjuiciamiento Civil de 1943 fueron expresamente derogadas por la número 72 de las Reglas de Procedimiento Civil de 1958, 32 L.P.R.A., Ap. II. El mismo precepto derogó el Código de Enjuiciamiento Civil, ed. de 1933, pero dejó vigente expresamente todo el articulado de dicho Código que regula el interdicto para retener o recobrar la posesión de propiedad inmueble, a saber, los Arts. 690 a 695, 32 L.P.R.A. secs. 3561 a 3566. Es inescapable la conclusión, y así lo resolvemos, de que la acción interdictal que nos ocupa ha sido restituida a su carácter de, y es desde el 31 de julio de 1958, fecha en que comenzaron a regir las Reglas de Procedimiento Civil de 1958, una acción de naturaleza sumaria a la que le son aplicables para su ejercicio las normas establecidas en los Arts. 690 a 695 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 3561 a 3566.

El principio del Art. 6 del Código Civil, 31 L.P.R.A. sec. 6, de que la derogación de una ley derogatoria no restablece la

primitiva ley derogada, no es óbice para la conclusión a que llegamos. La Regla 72 es clara en cuanto a la intención legislativa expresa de dejar en toda su fuerza y vigor el articulado del Código de Enjuiciamiento Civil que regula el interdicto posesorio. Véase el art. 43 del Código Político, ed. de 1902, 2 L.P.R.A. sec. 251. (¹)

Conviene a la rápida y económica tramitación de la acción interdictal el que se le haya restituido el carácter sumario que tuvo antes de la vigencia de las Reglas de Enjuiciamiento Civil de 1943. Por la naturaleza sencilla de la acción, en que sólo se ventila el hecho de la posesión, *Rodríguez* v. *Alcover*, 78 D.P.R. 822 (1955), y casos más adelante citados, no debe su ejercicio estar sujeto a los vaivenes de mociones, vistas y medios de descubrimiento de prueba que, si deseables en las acciones ordinarias, sin duda frustarían el propósito de que el hecho de la posesión sea resuelto y adjudicado sin dilación y dentro de los términos que específicamente prescribe el Art. 692, arriba transcrito.

No habiéndose traído ante nos la transcripción de la prueba oral desfilada ante la Sala sentenciadora no estamos en condiciones de determinar si las partes de este caso y el tribunal a quo orientaron la tramitación del pleito como una acción ordinaria para determinar los derechos de los litigantes. Las alegaciones de la demanda, la "Relación del caso, Determinaciones de Hecho [*sic*] y Conclusiones de Derecho" en que se funda la sentencia recurrida, y los fundamentos del recurso que nos ocupa evidencian, por otra parte, que lo que se pretendió y se debió litigar ante el tribunal a quo fue la acción interdictal y no una acción para que se adjudicasen los derechos dominicales de los litigantes sobre el predio de 820

---

(¹) Dicho artículo provee:

"Ninguna ley o parte de ley revocada por otra ley de la Asamblea Legislativa, queda restablecida en virtud de la revocación de la ley por que fue abolida a no consignarse expresamente en la nueva ley el restablecimiento de la ley o parte de ley revocada."

metros cuadrados. ([2]) Salvo circunstancias excepcionales que no surgen de los autos, la acción debió tramitarse y resolverse como una de carácter sumario. Tenemos que repetir que no se justifica una dilación de más de siete años para su disposición por el tribunal a quo, y más de tres años para el perfeccionamiento del recurso ante nos.

■ Pasemos ahora sobre los méritos del recurso. Reiteradamente hemos resuelto que en acciones interdictales para retener o recobrar la posesión de inmuebles solo puede litigarse el hecho y no el derecho a la posesión, sin perjuicio de que los derechos de los interesados sean dilucidados en una acción plenaria. *Segarra Boerman* v. *Vilariño*, 92 D.P.R. 314, 320 (1965); *Rodríguez* v. *Alcover*, supra; *Janer* v. *Álvarez*, 75 D.P.R. 37 (1953); *Rodríguez* v. *Suárez*, 71 D.P.R. 728 (1950); *Martorell* v. *Municipio*, 70 D.P.R. 380 (1949); *Mena* v. *Llerandi*, 70 D.P.R. 176 (1949); *Rivera* v. *Cancel*, 68 D.P.R. 365 (1948); *Ramos* v. *Puig*, 61 D.P.R. 83 (1942) y *Sucn. Maldonado* v. *Maldonado*, 43 D.P.R. 678 (1932). Dijimos en *Martorell* v. *Municipio*, supra, a la pág. 385: "No se está prejuzgando en esta acción quién tiene el derecho de posesión a las parcelas de terreno en controversia, si el demandante o el demandado. Solo tiene por objeto 'decidir *interina-*

---

([2]) Abunda a este respecto el hecho de que la demanda, que no se juró originalmente, fuera jurada por el demandante el 12 de enero de 1966, obviamente para cumplir con el Art. 691, 32 L.P.R.A. sec. 3562. Resolvimos hace cerca de 60 años en *Serrano* v. *Sucesión Santos*, 24 D.P.R. 175 (1916), que el requisito del juramento queda dispensado si no es objetado y se entra a juicio ofreciéndose prueba testifical que sostiene las alegaciones de la demanda. Por otra parte, el tribunal a quo trató la acción a ratos como sumaria y a ratos como ordinaria. Dispuso inicialmente un señalamiento en que específicamente requirió "que toda moción o excepción deberá presentarse y verse en el acto del juicio según lo dispone la sec. 3564, Título 32, Leyes de Puerto Rico Anotadas." Pero la orden de señalamiento que así se pronunció se expidió el 21 de julio de 1961, señalándose "la primera comparecencia" (?) para el 9 de agosto de 1961, apartándose así de lo dispuesto por el Art. 692, 32 L.P.R.A. sec. 3563. Además, permitió un interrogatorio formulado al demandante bajo la Regla 30 de las de Procedimiento Civil y una moción bajo la Regla 34.4 por no haber contestado.

*mente* sobre el *hecho* de la posesión sin perjuicio del derecho de los interesados,' ya que 'Por su propio carácter, las resoluciones en ellas recaídas no deciden nada en definitiva . . . .' "

Resumimos a continuación lo que el tribunal de instancia determinó como hechos probados. (1) En 1958 el demandante recurrente adquirió por compra un predio de terreno radicado en el Barrio Río Cañas de Caguas, compuesto de cinco cuerdas. Se inscribió su título en el Registro de la Propiedad. (2) En 1959 el demandante obtuvo autorización de la Junta de Planificación para segregar de dicha finca un predio de una cuerda. (3) El 20 de agosto de 1959 y mediante escritura pública el demandante vendió a Efraín Pérez Vázquez, quien no fue parte en el pleito que nos ocupa, el remanente de cuatro cuerdas. (4) El 23 de mayo de 1960 y también por escritura pública el demandante vendió al demandado-recurrido el predio de una cuerda. En las subsiguientes determinaciones, identificadas con los números del 5 al 9, concluyó el tribunal de instancia que la venta del predio de una cuerda no se hizo a un tanto por unidad de medida, sino por el precio alzado de $7,200.00; que el demandante entregó dicho predio al demandado y éste tomó posesión de él tres días después de otorgarse la escritura; y que desde que se hizo la entrega el demandado ha estado en la posesión de dicho predio.

Nada concluyó el tribunal de instancia respecto de los 820 metros cuadrados reclamados por el demandante y de que fue desposeído por el demandado, según sus alegaciones. La contención del demandante-recurrente es que aunque por la escritura de 20 de agosto de 1959 aparece vendiendo el remanente de cuatro cuerdas al Sr. Efraín Pérez Vázquez, la realidad fue que le vendió solamente 14,539.44 metros cuadrados, lo que así se hizo constar por documento privado suscrito el día anterior (19 de agosto de 1959), y ratificado por escritura pública posteriormente. Sostiene el demandante-recurrente que se hizo figurar la venta de cuatro cuerdas para facilitar su inscripción, pero que retuvo, según convenido,

el predio de 820 metros cuadrados, que formaba parte de la finca de cuatro cuerdas y no de la de una cuerda vendida al demandado. Alegó que el demandado le desposeyó de los 820 metros cuadrados al destruir la cerca que los separaba del predio de una cuerda, y al destruir un rancho que el demandante tenía en el predio de 820 metros, trasladando unos muebles que tenía en él almacenados.

El tribunal a quo, aplicando los preceptos del Código Civil relativos al exceso o disminución de cabida de un inmueble cuya venta se hace por precio alzado y no a razón de un tanto por unidad de medida o número, Art. 1360, 31 L.P.R.A. sec. 3820 (³) resolvió que el demandado no viene obligado a devolver "el exceso". Asumimos que al decir, "el exceso" se refiere a los 820 metros cuadrados, aunque no lo dice.

▮▮▮ Al entrar en la consideración sobre qué fue lo que se vendió necesariamente entraba el tribunal de instancia en la cuestión del título, para adjudicar los derechos dominicales de la partes. Perdió de vista que, como hemos apuntado tantas veces, el único objeto del interdicto posesorio es mantener en la posesión al que la tiene y es perturbado en ella, sin que en dicho procedimiento puedan investigarse cuestiones de título. Véanse los casos ya citados y en especial el de *Sucesión Maldonado* v. *Maldonado*, 43 D.P.R. 678 (1932). Su propósito obvio es proveer al poseedor un remedio rápido y eficaz para

(³) Dicho artículo lee:

"En la venta de un inmueble, hecha por precio alzado y no a razón de un tanto por unidad de medida o número, no tendrá lugar el aumento o disminución del mismo, aunque resulte mayor o menor cabida o número de los expresados en el contrato.

Esto mismo tendrá lugar cuando sean dos o más fincas las vendidas por un solo precio; pero si además de expresarse los linderos, indispensables en toda enajenación de inmuebles, se designaren en el contrato su cabida o número, el vendedor estará obligado a entregar todo lo que se comprenda dentro de los mismos linderos, aun cuando exceda de la cabida o número expresados en el contrato; y si no pudiere, sufrirá una disminución en el precio proporcional a lo que falte de cabida o número, a no ser que el contrato quede anulado por no conformarse el comprador con que se deje de entregar lo que se estipuló."—Código Civil. art. 1360 (1930).

proteger su posesión, desalentando así que los ciudadanos recurran a la fuerza y la violencia frente a amenazas de desposesión o a la desposesión consumada.

Es significativa, además, la contradicción entre las determinaciones de hechos y la conclusión de derecho que se hacen en la sentencia respecto del requisito de ley de que el demandante estuviera en posesión de la finca dentro del año precedente a la fecha de presentación de la demanda. En sus determinaciones de hechos concluyó la Sala sentenciadora que el demandante "entregó la finca vendida al demandado José M. García tres días después de haberse formado [*sic*] la correspondiente escritura de compraventa"; que el demandado "tomó posesión real de la finca adquirida"; que el demandante *"con posterioridad a la venta* de dicha finca nunca ha estado en posesión de la misma." (Énfasis nuestro.)

De la faz de la demanda no surge en qué fecha se radicó. Debemos presumir que se radicó en la fecha que lleva al calce—12 de mayo de 1961 (4) —cuando aún no se había cumplido el año de haberse otorgado la escritura de compraventa. Necesariamente la perturbación alegada, de haber ocurrido, lo fue con posterioridad al otorgamiento de dicha escritura y cuando no se había cumplido un año de haber dejado el demandante de estar en posesión de la cuerda vendida y del predio de 820 metros cuadrados. No obstante, sugiere la sentencia recurrida en la última de sus conclusiones de derecho que no se cumplió el requisito de posesión dentro del año que señala el Art. 691, 32 L.P.R.A. sec. 3562. Es obvio que sí se cumplió dicho requisito. Además de surgir de las determinaciones de hechos, la prueba documental admitida por la Sala sentenciadora que hemos examinado, demuestra que, cuando menos, *prima facie* se presentó por el demandante un

---

(4) Ningún planteamiento se ha hecho ante nos ni surge de los autos originales que se hiciera ante la Sala sentenciadora implicativo de que la demanda se hubiera radicado en fecha distinta a la que aparece de su calce.

caso de perturbación de su posesión del inmueble, ocurrida dentro del año precedente a la presentación de la demanda. Eso es precisamente lo que requiere el articulado vigente del Código de Enjuiciamiento Civil para el ejercicio del interdicto posesorio. Eso es lo que debió litigarse y resolverse.

*Debe revocarse la sentencia recurrida.*

Considerando que han transcurrido doce largos años desde que se inició este caso, y tratándose de un recurso que no ha de adjudicar los derechos de las partes sobre el predio de terreno en litigio, debemos poner punto final a la acción interdictal ejercitada. Se dictará sentencia declarando con lugar la demanda y se devolverá el caso al tribunal de instancia a los fines de que, cumpliendo con lo preceptuado por el Art. 695 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3566, dicte orden de *injunction* para que el demandante sea restablecido en la posesión del predio de 820 metros cuadrados descrito en la demanda y requiera del demandado para que en lo sucesivo se abstenga de cometer los actos a que se refiere dicha demanda u otros que manifiesten el mismo propósito, bajo apercibimiento de desacato si se incurriere en desobediencia al predicho *injunction*. Quedará a salvo el derecho de las partes y de otros a quienes pueda competer para litigar mediante el procedimiento ordinario el derecho titular sobre el inmueble y cualesquiera otros extremos que fueren procedentes. Se impondrán las costas al demandado.

El Juez Asociado Señor Díaz Cruz está conforme con la revocación, pero entiende que el caso ha debido devolverse al tribunal de instancia para determinación de la cuestión factual de la posesión física por uno u otro litigante del predio en litigio, dentro del año precedente a la radicación de la demanda.