Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| ZOAMI MARGARITA SEPÚLVEDA MARTÍNEZ<br><br>Parte Apelante<br><br>v.<br><br>SAMUEL GARCÍA VÁZQUEZ, VILMARIE RIVERA, GARCÍA-RIVERA, SOC. LEGAL GANANCIALES<br><br>Parte Apelada | TA2025AP00374 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2025CV01243 (Salón 206)<br><br>Sobre: Interdicto Posesorio, Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 22 de diciembre de 2025.

Comparece ante nos la señora Zoami Margarita Sepúlveda Martínez mediante recurso de *Apelación* y nos solicita la revocación de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, emitida el 3 de septiembre de 2025 y notificada el 5 de septiembre de 2025. En el referido dictamen, el foro primario declaró *No Ha Lugar* una solicitud de Interdicto Posesorio radicada por la parte apelante.

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

**I**

El 22 de julio de 2025, la señora Zoami Margarita Sepúlveda Martínez (en adelante la parte apelante) presentó una *Demanda*[1] por Interdicto Posesorio, Injunction Preliminar e Injunction Permanente, contra el señor Samuel García Vázquez, la señora Vilmarie Rivera y la Sociedad Legal de Gananciales compuesta por ambos (en adelante

---

[1] Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 1.

matrimonio García-Rivera o parte apelada). En la misma, adujo que por más de treinta y ocho (38) años, la parte apelante y su familia han ejercido de manera pública, pacífica, continua e ininterrumpida la posesión de hecho de un solar ubicado en el Barrio Juan Alonso de Mayagüez (en adelante la propiedad), el cual es colindante con la residencia de su padre, el señor Ángel Luis Sepúlveda. Arguyó que, tras el fallecimiento de su padre en febrero 2025, la parte apelante adquirió los derechos hereditarios de sus hermanos sobre la referida residencia y continuó ejerciendo la posesión de hecho sobre la propiedad en controversia. Expuso que dicha propiedad consta inscrita en el Registro de la Propiedad a nombre del señor Reinaldo D. Santos y la señora Ada Nivia Aponte, casados entre sí y de quienes se desconoce su paradero.  Añadió que la parte apelada, a partir del mes de junio de 2025, comenzó a realizar actos de perturbación y de despojo sobre la propiedad, los cuales la parte apelante señaló como arbitrarios, ilegales y contrarios al ordenamiento. A tenor, solicitó al foro primario declarase *Con Lugar* la presente demanda y ordenase a la parte apelada restablecerle a la parte apelante la posesión de hecho de la propiedad; abstenerse de cometer actos encaminados a despojarle de la posesión, retirar de inmediato cualquier objeto colocado en la propiedad, y por consiguiente les condenase a pagar las costas, gastos y honorarios de abogado.

Conforme a lo anterior, el 1 de agosto de 2025, la parte apelada presentó una *Moción Solicitando Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil.*[2] Alegó que, no se incluyó en el pleito a los dueños del predio en controversia que constan en el Registro de la Propiedad, al esposo de la señora Sepúlveda Martínez, parte apelante, ni la Sociedad Legal de Gananciales compuesta por ambos. Sostuvo que las personas antes mencionadas constituyen partes indispensables para la adecuada adjudicación del pleito. A

---

[2] SUMAC TPI, a la Entrada Núm. 15.

tenor, solicitó que, debido a la ausencia de partes indispensables, el foro primario desestimase la demanda de epígrafe.

En la misma fecha, la parte apelada presentó su *Contestación a Demanda*.[3] Mediante su escrito, negó varias de las alegaciones según esbozadas en la demanda. Alegó ser propietario de un inmueble colindante a la propiedad en controversia, en la cual ha residido por los últimos once (11) años. Arguyó que, a lo largo de su residencia en la propiedad colindante, ha mantenido posesión, control y dominio del terreno en controversia. Añadió que, contrario a lo alegado por la parte apelante, la parte apelada es quien, en efecto, ha sido perturbada despojada y violentada de su posesión de hecho sobre la propiedad. Por lo cual, solicitó al foro primario que no decretara el interdicto posesorio solicitado por la parte apelante, por no existir hechos constitutivos de una causa de acción que justificara la concesión de un remedio, toda vez que era la parte apelada quien se encontraba en posesión y dominio del inmueble objeto de la controversia.

Consecuentemente, la parte apelante presentó su *Oposición a Moción de Desestimación*.[4] En la misma, sostuvo que no eran partes indispensables los titulares registrales ya que la decisión del tribunal en este pleito no tendría efectos sobre los derechos registrales ni de dominio del titular debido a que el remedio solicitado es de naturaleza provisional y posesoria. Además, expresó que no debía configurarse como parte indispensable su esposo ni la Sociedad Legal de Gananciales compuesta por ambos, ya que la posesión de la propiedad en disputa tenía su origen en un derecho hereditario y era ejercida a título personal. Por lo cual, solicitó al foro primario que declarase *No Ha Lugar* la referida moción y dispusiera la continuación de los procedimientos conforme a derecho. Así las cosas, mediante

---

[3] SUMAC TPI, a la Entrada Núm. 16.
[4] SUMAC TPI, a la Entrada Núm. 17.

*Resolución*[5] emitida el 4 de agosto de 2025, el foro primario declaró *No Ha Lugar* la Moción de Desestimación presentada por la parte apelada.

Luego de varios trámites procesales, el 4 de agosto de 2025, el foro primario celebró una vista evidenciaría para demostrar la posesión del inmueble. Según surge de la *Minuta*,[6] la prueba documental admitida en evidencia presentada por la parte apelante fue la siguiente:

Exhibit 1 – Fotografía de limpieza del solar que se encuentra en la página 2 de lo que fue marcado en la moción como exhibit 1.

Exhibit 2 (A-B) – Dos fotografías que evidencia limpieza del terreno por parte de la demandante, en la página 1 de lo que fue marcado en moción como Exhibit 2.

Exhibit 3 – Imagen satelital tomada a través de Google Earth que evidencia la limpieza del solar House 02/25, en la página 13 de lo que fue marcado en la moción como Exhibit 3.

Exhibit 4 – Primera fotografía en la página 1 de lo que fue marcado en la moción como el Exhibit 5.

Exhibit 4 B – Segunda fotografía en la página 1 de lo que fue marcado en la moción como el Exhibit 5

Exhibit 1 – Fotografía de limpieza del solar que se encuentra en la página 2 de lo que fue marcado en la moción como exhibit 1.

Exhibit 2 (A-B) – Dos fotografías que evidencia limpieza del terreno por parte de la demandante, en la página 1 de lo que fue marcado en moción como Exhibit 2.

Exhibit 3 – Imagen satelital tomada a través de Google Earth que evidencia la limpieza del solar House 02/25, en la página 13 de lo que fue marcado en la moción como Exhibit 3.

Exhibit 4 – Primera fotografía en la página 1 de lo que fue marcado en la moción como el Exhibit 5.

Exhibit 4 B – Segunda fotografía en la página 1 de lo que fue marcado en la moción como el Exhibit 5.[7]

---

[5] SUMAC TPI, a la Entrada Núm. 21.
[6] SUAMC TPI, a la Entrada Núm. 29.
[7] SUMAC TPI, a la Entrada Núm. 18.

Por otro lado, la prueba admitida en evidencia presentada por la parte apelada fue la siguiente:

> Exhibit A 1 – Fotografía de reparación de verja 2024 en la página 2 marcado en la moción como Exhibit 3.

> Exhibit A 2 – Fotografía de reparación de verja 2024 en la página 3 marcado en la moción como Exhibit 3.

> Exhibit A 3 – Fotografía de reparación de verja 2024 en la página 4 marcado en la moción como Exhibit 3.

> Exhibit A 4 – Primera fotografía de reparación de verja 2024 en la página 5 marcado en la moción como Exhibit 3.

> Exhibit A 5 – Segunda fotografía de reparación de verja 2024 en la página 5 marcado en la moción como Exhibit 3.

> Exhibit A 6 – Segunda fotografía de reparación de verja 2024 en la página 6 marcado en la moción como Exhibit 3.

> Exhibit A 7 – Primera fotografía de reparación de verja 2024 en la página 6 marcado en la moción como Exhibit 3.

> Exhibit A 8 – Fotografía de reparación de verja 2024 en la página 7 marcado en la moción como Exhibit 3.

> Exhibit A 9 – Fotografía de reparación de verja 2024 en la página 8 marcado en la moción como Exhibit 3.

> Exhibit A 10 – Fotografía de reparación de verja 2024 en la página 13 marcado en la moción como Exhibit 3.

> Exhibit B – Fotografía en la página 6 marcado en la moción como Exhibit 2.

> Exhibit B 2 – Primera fotografía en la página 10 marcado en la moción como Exhibit 2.[8]

Posteriormente, el 7 de agosto de 2025, la parte apelante presentó una *Moción de Reconsideración.*[9] En la misma, expresó su inconformidad con la Resolución en corte abierta que realizó el foro primario. En la misma, el tribunal desestimó la reclamación y resolvió

---

[8] SUMAC TPI, a la Entrada Núm. 24.
[9] SUMAC TPI, a la Entrada Núm. 28.

que, debido a la amplitud del solar en controversia, se entendió probado que la parte delantera del terreno ha estado en posesión de la parte apelante por los últimos treinta y ocho (38) años, mientras que la parte posterior del terreno ha estado en posesión de la parte apelada durante los últimos once (11) años. La parte argumentó que no puede reconocerse la posesión de hecho en dos personas distintas respecto al mismo objeto, y de surgir contienda, debe darse preferencia al poseedor más antiguo. A tenor, solicitó al foro primario reconsiderar su determinación y declarar *Con Lugar* la demanda de epígrafe.

Dado lo anterior, el 11 de agosto de 2025, la parte apelada presentó *Moción Oposición a Reconsideración.*[10] Alegó que la moción de reconsideración presentada por la parte apelante fue prematura, ya que no se había cumplido el requisito de archivo en autos de copia de la notificación de la Sentencia conforme a la Regla 42 de Procedimiento Civil, 32 LPRA Ap. V, R. 42. Por lo cual, solicitó al foro primario que declarase *No Ha Lugar* la referida moción.

Ante ello, 13 de agosto de 2025, el foro primario emitió *Resolución,*[11] declarando *No Ha Lugar* la moción de reconsideración. En el mismo día, emitió *Sentencia*[12] declarando *No Ha Lugar* la demanda de epígrafe. En la misma, el Tribunal de Primera Instancia llegó a las siguientes determinaciones de hechos:

1. La parte Demandante es mayor de edad, casada, empleada y vecina de Mayagüez, Puerto Rico.

2. Los Demandados son casados entre sí bajo el régimen de Sociedad Legal de Gananciales, empleados y vecinos de Mayagüez, Puerto Rico.

3. La Demandante, hace aproximadamente 3 meses reside en una propiedad que perteneció a sus padres.

4. La propiedad objeto de esta demanda (en adelante propiedad en controversia) aparece inscrita en el Registro de la Propiedad a nombre de Reinaldo D. Santos y su esposa Ada Nivia Aponte de quienes se desconoce su paradero. La descripción de dicha propiedad es la siguiente:

---

[10] SUMAC TPI, a la Entrada Núm. 30.
[11] SUMAC TPI, a la Entrada Núm. 31.
[12] SUMAC TPI, a la Entrada Núm. 33.

---URBANA: Solar sito en el Barro Río Juan Alonso de Mayagüez, Puerto Rico, con una cabida superficial de 1488.37 metros cuadrados, en lindes por el Norte, con una Quebrada; por el Sur, con solar 7; por el Este, con FRANCO LOZADA; por el Oeste, con calle "B". Esta identificado en el plano de inscripción con el número 6-D de la Urbanización. ----------------------------------------------
---Consta inscrita en el Registro de la Propiedad, Sección de Mayagüez al folio 231, del tomo 543, finca número 15,943. -----------------------------------------------------------------
---Catastro Número: 234-074-004-07-000. -----------------------------------------

5. Los Demandados residen hace 11 años en una propiedad que adquirieron mediante compraventa de la cual son vecinos de la propiedad que ahora ocupa la Demandante.

6. Ambas propiedades, la de la Demandante y la de los Demandados, colindan a su vez con el terreno objeto de esta controversia antes descrito y ambas partes se aprovechan del terreno colindante.

7. En algún momento el padre de la Demandante ejerció actos de posesión sobre una parte del terreno en controversia; pero según declaró la Demandante, esos actos consistieron en darle mantenimiento de limpieza esporádicamente a ese predio de terreno.

8. Desde hace 11 años en que los Demandados residen en su propiedad, éstos han estado ocupando, limpiando, sembrando y criando animales en la parte trasera de ese terreno en controversia.

9. En ese periodo de tiempo, los Demandados han reparado varias veces la verja y el portón que da acceso a la vía pública del predio de terreno en controversia.

10. En el último año tanto la parte demandante como la parte demandada se han beneficiado del terreno en controversia.

11. El padre de la Demandante, contrajo nupcias con la Sra. Miriam Socorro Sebastián Valle en el año 2020 por lo que ésta fue a residir con su esposo en la propiedad que hoy ocupa la Demandante.

12. La Sra. Sebastián Valle declaró que el mantenimiento que le daban al solar en controversia se limitaba a limpiar la orilla de la verja que divide dicho predio con el terreno de su esposo.

13. El padre de la Demandante estuvo residiendo sus últimos años en un hogar de cuido de envejecientes, hasta que falleció el pasado febrero de 2025.

14. Luego del fallecimiento del padre de la Demandante fue que ésta pasó a residir en la propiedad que hoy ocupa.

15. Como parte de los animales que tienen los Demandados en el predio del terreno en controversia, éstos tienen un caballo el cual pastorea en ese solar ayudando a mantener la vegetación bajo control.

16. Parte de la razón por la cual los Demandados le daban mantenimiento al portón y mantenían control del acceso al solar en controversia es para para evitar que el caballo y sus animales se salieran a la vía pública.

17. Aproximadamente, para mayo de 2025 pasado, la Demandante ubicó un "motor home" en el predio del terreno en controversia.

18. El candado del Demandado fue removido del portón y nunca apareció.

19. A principios de junio de 2025 la Demandante contrató los servicios de una máquina de equipo pesado ("bobcat") quien limpió parte del terreno en controversia, específicamente el área aledaña a la ubicación de su "motor home".

20. El Demandado volvió a colocar otro candado de su propiedad y manteniendo la llave y el control de acceso en el portón del inmueble en controversia.[13]

Inconforme, el 28 de agosto de 2025, la parte apelante presentó una *Moción de Reconsideración*.[14] Enfatizó que, conforme a derecho, no es correcto que se permita a ambas partes disfrutar de la posesión de la propiedad en controversia. Sostuvo que, habiendo reconocido el foro primario que ambas partes han estado en posesión del predio, corresponde reconocer como poseedor al que tenga mas tiempo. A tenor, solicitó al foro primario la reconsideración de su determinación, revocando la determinación que adjudicó la posesión a favor de la parte apelada, y reconociendo la posesión legítima y continua de la parte apelante por los últimos treinta y ocho (38) años.

Mediante *Resolución*[15] emitida el 3 de septiembre de 2025 y notificada el 5 de noviembre de 2025, el foro primario declaró *No Ha Lugar* la referida moción. Inconforme con el dictamen, el 24 de septiembre de 2025 la parte apelante acude ante nos mediante recurso de *Apelación*,[16] y expone los siguientes señalamientos de error:

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Mayagüez, al adjudicar la posesión de hecho a los recurridos en abierta contradicción con la prueba desfilada, con la resolución emitida en corte abierta y con la propia valoración de credibilidad que hizo el tribunal de los testigos. Tal determinación carece de sostén probatorio y constituye un abuso de discreción al ignorar hechos materiales esenciales acreditados en autos.

---

[13] SUMAC TA, *supra.*
[14] SUMAC TPI, a la Entrada Núm. 38.
[15] SUMAC TPI, a la Entrada Núm. 39.
[16] Sistema Unificado de Manejo y Administración de Casos para el Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1.

> Erró el Tribunal al omitir aplicar los Arts. 718 y 719 del Código Civil, que exigen que los actos posesorios sean públicos, pacíficos y no clandestinos, ni violentos, para afectar la posesión ajena.
>
> Erró el Honorable Tribunal al aplicar indebidamente el Art. 722 del Código Civil. Aun habiendo reconocido en sala que la Apelante ha poseído el solar por 38 años, adjudicó la posesión de hecho a los recurridos invocando una presunta antigüedad de 11 años no probada. Además, restringió indebidamente la prueba a "un año" y, sin embargo, fundamentó su fallo en una supuesta posesión de hecho prolongada de los recurridos, generando un fallo incongruente con su propio manejo probatorio.

El 29 de septiembre de 2025, emitimos *Resolución*[17] en la cual concedimos a la parte apelada hasta el 24 de octubre de 2025 para presentar su alegato en oposición. Compareció la parte apelada el 24 de octubre de 2025 y presentó su *Alegato en Oposición a Recurso de Apelación.*[18]

Posteriormente, el 4 de noviembre de 2025, la parte apelante presentó *Moción en Solicitud de Auxilio Provisional y Cese y Desista.*[19] En la misma, arguyó que la parte apelada continuaba realizando actos dirigidos a hacerse justicia por su propia mano, sin aguardar la determinación judicial. Sostuvo que, con sus acciones, la parte apelada había impedido que la parte apelante pudiese acceder al predio en controversia, privándole de la posesión, uso y mantenimiento de la propiedad. A tenor, nos solicitó expedir una Orden de Auxilio Provisional, Cese y Desista dirigida a la parte apelada, para que esta se abstuviese de impedir el acceso de la parte apelante a la propiedad, removiese los candados colocados recientemente por la parte apelada, y revirtiese toda alteración realizada posterior a la presentación de la apelación. El 20 de noviembre de 2025, emitimos una *Resolución*[20] en la que declaramos *No Ha Lugar* la referida Moción.

---

[17] SUMAC TA, a la Entrada Núm. 2.
[18] SUMAC TA, a la Entrada Núm. 4.
[19] SUMAC TA, a la Entrada Núm. 8.
[20] SUMAC TA, a la Entrada Núm. 9.

Con posterioridad, el 20 de noviembre de 2025, la parte apelante presentó *Trancripción de Vista Evidenciaria*,[21] acompañando copia de la Transcripción de la Prueba Oral (TPO). Así las cosas, mediante *Resolución*[22] emitida el 26 de noviembre de 2025, le concedimos a la parte apelante hasta el 1 de diciembre de 2025 para presentar su Alegato suplementario, mientras que le concedimos a la parte apelada hasta el 16 de diciembre de 2025 para la misma gestión. Por su parte, la parte apelante presentó su Alegato Suplementario el 1 de diciembre de 2025. Vencido el término para que la parte apelada presentara su Alegato Suplementario sin contar con la comparecencia de esta, se da por estipulada la transcripción sometida. Procedemos a resolver.

**II**

**A. Interdicto Posesorio**

Nuestro ordenamiento jurídico, define la posesión como "la tenencia de una cosa o el disfrute de un derecho por una persona." Artículo 703 del Código Civil, 3 LPRA sec. 7821. Luego establece dos categorías principales, las cuales describe como "posesión natural", que es la "tenencia de una cosa o el disfrute de un derecho por una persona"; y la "posesión civil" como "esa misma tenencia o disfrute, unidos a la intención de haber la cosa o derecho como suyos", Artículo 704 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7822. Del mismo modo, nuestra jurisprudencia ha sido enfática en que toda tenencia (*corpus*) es una posesión natural, y que su distinción sobre la posesión civil emana de que, en esta última, se es requerido el elemento de *animus*. Por ello, además de poseer, debe exteriorizar la intención de hacerlo suyo, *Miranda Cruz y otros v. S.L.G. Ritch*, 176 DPR 951, 965-966 (2009).

---

[21] SUMAC TA, a la Entrada Núm. 10.
[22] SUMAC TA, a la Entrada Núm. 12.

A tales efectos, la posesión de bienes y derechos puede tenerse al adquirir la titularidad como dueño de este, o solo con el fin de conservarlos o disfrutarlos, aun cuando el dominio le pertenezca a una persona distinta. Estas distinciones son relevantes principalmente para establecer el mecanismo procesal adecuado al remedio que en derecho proceda para proteger a los sujetos. Cónsono con lo anterior, a diferencia de la posesión civil, la posesión natural no va dirigida a obtener la adquisición del dominio mediante la usucapión, sino que sólo revela una actitud de custodia, protección y disfrute de quien la posee, *Miranda Cruz y otros v. S.L.G. Ritch, supra.*

De igual manera, el Código Civil ha establecido cómo se puede llegar a configurar la posesión, y las protecciones jurídicas que le cobijan al poseedor. Asimismo, el Artículo 714 del Código Civil, 31 LPRA sec. 7481, establece que "[l]a posesión originaria es aquella que se adquiere por la ocupación material de los bienes poseídos, o por el hecho de estos quedar sujetos a la acción de la voluntad de quien la adquiere, sin el concurso de la voluntad del poseedor anterior." Del mismo modo, se ha enfatizado que la posesión puede adquirirse por la persona que vaya a disfrutar la posesión, por su representante legal, por su mandatario o un tercero sin mandato. Artículo 715 del Código Civil, 31 LPRA sec. 7482. En virtud de ello, no es requerido que el poseedor de la cosa se sirva del disfrute, ya que otra puede poseer a su nombre, Artículo 706 del Código Civil, 31 LPRA sec. 7824. Por consiguiente, esto acarrea la consecuencia de que un poseedor no pierde el derecho que le cobija porque haya tolerado el disfrute de otros. *Nieves Vélez v. Bansander Corp.*, 136 DPR 827, 844-845 (1994); Artículo 719 del Código Civil, 31 LPRA 7846. De esta forma, la jurisprudencia ha interpretado que para que se configure la posesión, no siempre es necesario el contacto corporal del poseedor. *Nieves Vélez v. Bansander Corp.*, *supra,* a la página 845.

El ordenamiento legal vigente establece que "[e]n ningún caso puede adquirirse violentamente la posesión mientras exista un poseedor que se oponga a ello." Artículo 718 del Código Civil, 31 LPRA sec. 7845. El Código Civil añade que, la posesión no se afecta por actos autorizados, ejecutados clandestinamente sin conocimiento del poseedor y ejecutados con violencia. 31 LPRA sec. 7846. No obstante, la posesión civil y natural tienen a su favor la tutela interdictal. De esta forma, nuestro ordenamiento jurídico provee en los Arts. 690–695 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3561-66, un procedimiento legal sumario para recobrar la posesión cuando esta sea perturbada. Por esto, cuando el Artículo 724 del Código Civil, 31 LPRA sec. 7862, habla de "los medios que la ley procesal establece", se refiere a los interdictos (*injunction*) que autorizan los Arts. 690–695 del Código de Enjuiciamiento Civil, *supra*, los cuales permiten el uso del *injunction* para retener o recobrar la posesión de propiedad inmueble. *Miranda Cruz y otros v. S.L.G. Ritch*, *supra*, págs. 960-961.

Cónsono con lo anterior, "el propósito fundamental del interdicto posesorio es dar una protección rápida y eficaz a toda persona que, encontrándose en la posesión quieta y pacífica de un inmueble, sea perturbada o despojada de esa posesión mediante el acto ilegal de otro." *Id.,* pág. 968. Como corolario de lo preceptuado, esta protección procede "aun contra el propio dueño del inmueble". *Id,* véase, *Disdier Pacheco v. García*, 101 DPR 541, 549 (1973).

En específico, para lograr la protección interdictal, el Art. 690 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3561, dispone lo siguiente:

> Se concederá un *injunction* para retener o recobrar la posesión material de propiedad inmueble, a instancia de parte interesada, **siempre que ésta demuestre, a satisfacción del tribunal, que ha sido perturbada en la posesión o tenencia de dicha propiedad por actos que manifiesten la intención de inquietarle o despojarle, o**

> **cuando haya sido ya despojada de dicha posesión o tenencia**. (Énfasis nuestro). *Id.* pág. 967, que cita el Art. 690 del Código de Enjuiciamiento Civil, *supra*.

A su vez, el procedimiento para que el poseedor que se encuentre perturbado pueda entablar su causa de acción se encuentra descrito en el artículo 691 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3562, como sigue:

> La demanda será redactada y jurada de acuerdo con las disposiciones del Código de Enjuiciamiento Civil, y hará constar:
>
> **(1) Que el demandante, dentro del año precedente de la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla.**
>
> **(2) Que ha sido perturbado o despojado de dicha posesión o tenencia. Deberá también describir claramente los hechos constitutivos de la perturbación o despojo, así como si dichos actos fueron realizados por el demandado o por otra persona por orden de éste. (Énfasis nuestro).**

Consecuentemente, luego de presentada la Demanda, "[e]l tribunal fijará fecha para el juicio en dicha demanda, el cual tendrá lugar dentro de los quince (15) días subsiguientes, debiéndose emplazar al demandado ocho (8) días antes, cuando menos, al fijado para el juicio." Artículo 692 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3563. Además, por su naturaleza sumaria, se requiere que toda moción o excepción sea presentada en el acto del juicio, Artículo 693 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3564, y que el Tribunal dicte sin demora indebida su dictamen, Artículo 694 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3565. De esta forma, "[s]e impondrán las costas a la parte contra la cual se dictare sentencia." *Id.*

Además, con el fin de agilizar la tramitación de la acción interdictal, "no debe su ejercicio estar sujeto a los vaivenes de mociones, vistas y medios de descubrimiento de prueba que, si

deseables en las acciones ordinarias, sin duda frustrarían el propósito de que el hecho de la posesión sea resuelto y adjudicado sin dilación y dentro de los términos que específicamente establece el Art. 692 [*supra*]." *Disdier Pacheco v. García*, *supra*, pág. 546. Es por ello que, el Tribunal Supremo de Puerto Rico ha establecido que "la restitución de la posesión no puede de ordinario concederse mediante el *injunction* preliminar cuando esa sea precisamente la única cuestión en controversia", pues "[h]acer esto sería resolver el caso en los méritos mediante una moción solicitando un remedio preliminar." *Sucn. Figueroa v. Hernández*, 72 DPR 508, 513 (1951).

La concesión del *injunction* provocará "que el demandante sea restablecido en la posesión y requerirá al perturbador para que en lo sucesivo se abstenga de cometer tales actos u otros que manifiesten el mismo propósito, bajo apercibimiento de desacato al tribunal por desobediencia al predicho *injunction*." Artículo 695 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3566. A esos efectos, se ha pautado que "una demanda de *injunction* posesorio que contenga las alegaciones pertinentes a los recursos de esa naturaleza, aduce hechos constitutivos de la causa de acción." *Miranda Cruz v. SLG Ritch*, *supra*, pág. 962. Además, "en lo concerniente al **quantum de prueba** que debe exigirse en la vista evidenciaria para prevalecer en una acción de interdicto posesorio, [se ha] determinado que, además de las determinaciones de hechos, la prueba admitida por la sala sentenciadora debe demostrar que, cuando menos prima facie, el demandante presenta un caso de perturbación de su posesión del inmueble, ocurrida dentro del año precedente a la presentación de la demanda." *Miranda Cruz v. SLG Ritch*, *supra*, pág. 971, que cita a *Disdier Pacheco v. García*, *supra*, págs. 550–551.

Por otro lado, cuando existe un conflicto de posesiones, nuestro Código Civil en su Artículo 722 establece que "[l]a posesión de hecho respecto del mismo objeto y en igual concepto posesorio no

puede reconocerse en dos personas distintas […], 31 LPRA sec.7849. En el supuesto de que el tribunal deba dilucidar entre varios alegados poseedores, a cuál de estos le asiste el derecho, el mismo Artículo establece que "[s]i surge contienda sobre el hecho de la posesión, se prefiere al poseedor actual; si resultan dos poseedores, al más antiguo […]". *Id.* Sin embargo, en su Artículo 738, establece que "[l]a posesión de hecho también se pierde por la posesión de otro por más de un (1) año, aun en contra de la voluntad del antiguo poseedor." 31 LPRA sec. 7895.

### B. Apreciación de la prueba

En nuestro ordenamiento jurídico es norma reiterada que los jueces de instancia son quienes están en mejor posición de aquilatar la prueba que tuvieron ante sí por lo que la apreciación que los jueces de instancia realizan de esta merece de nuestra parte, como tribunal revisor, gran respeto y deferencia. *Pérez Cruz v. Hosp. La Concepción*, 115 DPR 721, 728 (1984). Así, como norma general, en ausencia de error manifiesto, prejuicio, pasión o parcialidad, no intervendremos con las conclusiones de hechos o con la apreciación de la prueba que haya realizado el foro primario. *Id.,* a la pág. 728. Los tribunales apelativos debemos brindarle gran deferencia al juzgador de los hechos, pues es este quien se encuentra en mejor posición para evaluar la credibilidad de un testigo. Debido a que los foros apelativos contamos con récords mudos e inexpresivos, debemos respetar la adjudicación de credibilidad realizada por el juzgador primario de los hechos. *Trinidad v. Chade*, 153 DPR 280, 291 (2001).

No obstante, podremos intervenir con estas conclusiones cuando la apreciación de la prueba que realizó el tribunal de instancia no represente el balance más racional, justiciero y jurídico de la totalidad de la prueba. *Ortiz v. Cruz Pabón*, 103 DPR 939, 946 (1975). La intervención de un foro apelativo con la evaluación de la prueba

testifical que haya realizado el foro primario procede en aquellos casos en que un análisis integral de dicha prueba ocasione, en el ánimo del foro apelativo, una insatisfacción o intranquilidad de conciencia tal que hiera el sentido básico de justicia. Así pues, la parte que cuestione una determinación de hechos realizada por el tribunal de instancia debe señalar el error manifiesto o fundamentar la existencia de pasión, prejuicio o parcialidad. *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 341, 356 (2009). Además, los señalamientos ante los tribunales apelativos tienen que estar sustentados con la prueba adecuada. Las meras alegaciones no son suficientes para mover nuestra facultad modificadora. *Henríquez v. Consejo Educación Superior*, 120 DPR 194, 210 (1987). Por último, en lo que respecta a la prueba documental los tribunales apelativos estamos en igual posición que los foros de instancia; tenemos la facultad de adoptar nuestro propio criterio respecto a esta. *Albino v. Ángel Martínez, Inc.*, 171 DPR 457, 487 (2007).

### III

En la acción de título, el Tribunal de Primera Instancia, mediante el dictamen apelado, declaró *No Ha Lugar* la demanda de epígrafe. La apelante acude ante esta Curia tras su inconformidad con el dictamen, y nos invita a concluir que el foro primario incidió al: (i) adjudicar la posesión de hecho a los apelados en contradicción con la prueba desfilada, con la resolución emitida en corte abierta y con la propia valoración de credibilidad que hizo el tribunal de los testigos; (ii) omitir aplicar los Artículos 718 y 719 del Código Civil, que exigen que los actos posesorios sean públicos, pacíficos y no clandestinos, ni violentos, para afectar la posesión ajena, y (iii) aplicar indebidamente el Art. 722 del Código Civil, a pesar de haber reconocido en sala que la apelante ha poseído el solar por treinta y ocho (38) años, adjudicando la posesión de hecho a los apelados por una presunta antigüedad de once (11) años no probada, restringiendo

indebidamente la prueba a "un año" y, fundamentando su fallo en una supuesta posesión de hecho prolongada de los recurridos, generando un fallo incongruente con su propio manejo probatorio. Luego de evaluar el expediente en su totalidad, por estar íntimamente relacionados los errores procederemos a discutirlos en conjunto. Veamos.

Como cuestión preliminar, conviene puntualizar que, en las acciones de interdicto posesorio, la parte promovente debe haber ejercido la posesión real de la propiedad en el año precedente a la acción, y debe haber sido perturbada de su posesión dentro de ese año. 32 LPRA sec. 3561. Por otro lado, nuestro ordenamiento jurídico ha establecido que la referida posesión "se pierde por la posesión de otro por más de un (1) año, aun en contra de la voluntad del antiguo poseedor." 31 LPRA sec. 7895. Ahora bien, según surge de la TPO,[23] al igual que de la evidencia presentada y admitida por el foro primario, **la parte apelante no logró convencer al tribunal de que en efecto cumplió con el requisito de posesión sobre el terreno en el año previo a la presentación de la acción**. Abundemos.

Conforme se desprende de los autos, la apelante reconoció que posterior a la muerte de su padre en febrero de 2025, comenzó a residir en la propiedad de este, la cual es colindante al terreno en controversia. Previo a esa fecha, testificó que la propiedad era utilizada como Airbnb, ya que su padre se encontraba residiendo en un *home*. No obstante, a pesar de haber prestado testimonio sobre los alegados actos de mantenimiento que ejerció sobre la propiedad en controversia en el periodo de agosto 2024 a agosto 2025, la misma no ofreció evidencia clara y categórica que demostrara la posesión previa al mes de febrero 2025. Ciertamente, la única evidencia presentada y admitida de la parte apelante en cuanto a actos de mantenimiento en la propiedad corresponden a las fechas de junio y

---

[23] SUMAC TA, a la Entrada Núm.10.

julio de 2025.[24] Sin embargo, de la prueba presentada por la parte apelada se desprende que el matrimonio García-Rivera, desde el mes de agosto 2024, estuvo realizando reparaciones a la verja que rodea la propiedad en controversia y utilizaba el terreno para crianza de sus animales.[25] Conforme a nuestro ordenamiento jurídico, la acción de interdicto procede siempre que el promovente demuestre, **"a satisfacción del tribunal, que ha sido perturbada en la posesión o tenencia."**(Énfasis nuestro) 32 LPRA sec. 3561. Lo que nos conduce necesariamente a concluir que, conforme a los requisitos exigidos para la procedencia de una acción de interdicto posesorio, la parte apelante incumplió la carga de satisfacerlos.

Es menester señalar que debemos brindarle gran deferencia al juzgador de los hechos en el foro primario, pues es este quien se encuentra en mejor posición para evaluar la credibilidad de un testigo. Las meras alegaciones no son suficientes para mover nuestra facultad modificadora. Así pues, la parte que cuestione una determinación de hechos realizada por el tribunal de instancia debe señalar el error manifiesto o fundamentar la existencia de pasión, prejuicio o parcialidad. *S.L.G. Rivera Carrasquillo v. A.A.A.*, *supra.*

Este foro apelativo tuvo la oportunidad de analizar la Transcripción de la Prueba Oral de los testimonios de las partes involucradas y de los testigos con conocimiento personal de la situación. De entrada, debemos considerar que el Tribunal de Primera Instancia pudo observar a los testigos personalmente y estudiar su relato de lo que conocen. Por consiguiente, el foro apelado, como juzgador en primera instancia de los hechos, y en mejor posición de evaluar la prueba y pasar juicio sobre su veracidad, le brindó credibilidad a la parte apelada, por lo que su dictamen merece nuestra deferencia. Además, la decisión apelada no representa ninguna de

---

[24] SUMAC TPI, a la Entrada Núm. 18.
[25] SUMAC TPI, a la Entrada Núm. 24.

las excepciones conforme a derecho que merezca nuestra intervención. Como foro revisor y luego de evaluar la totalidad del expediente, nos parece razonable la determinación del foro primario y merece nuestra deferencia.[26] Por lo cual, resolvemos que el foro primario no cometió los errores señalados por la parte apelante.

**IV**

Por los fundamentos anteriormente expuestos, confirmamos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] SUMAC TA, a la Entrada Num.10(TPO), desde la pág. 302, línea 15, hasta la pág. 303, línea 7, que se cita como sigue:

HON. JUEZ PADILLA: [04:35:11]
Pero lo que yo veo aquí es que, si bien doña Zoami y su familia han disfrutado por 38 años de la posesión, tampoco es menos cierto que don Samuel, a partir de vivir allí, los testimonios que pasaron aquí y que para el tribunal le dio credibilidad, verdad, escuchen bien, le estoy dando credibilidad que don Samuel también se ha beneficiado. Doña Zoami no vino aquí hace 11 años cuando don Samuel rompió la verja hizo, y puso el, el, el, el establo y tampoco pasó. O sea, si doña Zoami se hubiese sentido o cualquier familiar de doña Zoami, porque estaba todavía vivo don Ángel no es ¿correcto? Y eso no ocurrió. Por lo tanto, lo que yo veo aquí es que ambas familias han disfrutado de la posesión del lugar y lo que probablemente pueda pasar en un futuro es que quizás ambas familias puedan usucapir como comuneros una propiedad en 1 particular. Y en vez de pelear, le corresponde verdad, en su momento dado, beneficiarse, si es que procede el derecho de verdad y la prueba que pasen en un futuro. De lo que ha ocurrido con esa propiedad que hasta ahora aparentemente no ha aparecido absolutamente nadie. Eso es lo que tengo ante mí y le voy a emitir la sentencia correspondiente, licenciado, desestimándolo. Eh. Para que entonces diluciden el derecho de la posesión en este sentido. ¿Bien?, compañeros, algo más que tenga que mencionar. Deje darme stop share, porque hice la determinación con... 7 ahora sí. ¿Algo que tengan que plantear?